The Gulf, Colorado & Santa Fe Railway Company
v. Ramey, McCulloch & Co.

No. 203.

**1. Jurisdiction of Supreme Court—Writ of Error.**

This court has no jurisdiction over cases appealed to Court of Civil Appeals of which that court has final jurisdiction. The jurisdiction arising from a dissent by one of the judges of the Court of Civil Appeals extends only to cases over which the jurisdiction is not final ... 456

**2. Same—Case in Judgment.**

Case was tried in Justice Court. On appeal it was taken to the County Court, and from that court it reached the Court of Civil Appeals, and it was there affirmed. One of the judges dissented upon an issue of fact. On application for writ of error, and to compel the judges of the Court of Civil Appeals to certify the cause to the Supreme Court, *Held*, this court has no jurisdiction, for reasons that the Court of Civil Appeals had final jurisdiction, and because the contest upon which the dissent existed was upon an issue of fact ........................... 456

Application for Writ of Error and Mandamus to Court of Civil Appeals for Third District, in an appeal from County Court of Brown County. The case originated in a Justice Court.

*J. W. Terry*, for application.

STAYTON, Chief Justice.—Applicant asks a writ of error, or that this court issue a writ of mandamus to compel a Court of Civil Appeals to certify the cause to this court for decision on account of dissent by one of the judges on question of the sufficiency of evidence to sustain a conclusion of fact involved in the cause.

The action was brought in Justice Court, was appealed to a County Court, and on appeal to Court of Civil Appeals the judgment of the County Court was affirmed.

It is claimed that this court has jurisdiction in any case in which a judge of a Court of Civil Appeals may dissent, whether that be upon

question of law or fact, or be in a case of which a County Court would have jurisdiction, either original or appellate.

It is clear that this court has not power to grant a writ of error in such a case as this.

Section 5 of the act to organize Courts of Civil Appeals provides, that "The judgments of the Courts of Civil Appeals shall be conclusive in all cases upon the facts of the case, and a judgment of such court shall be conclusive on facts and law in the following cases, nor shall a writ of error be allowed thereto from the Supreme Court, to-wit: (1) Any civil case appealed from a County Court, or from a District Court when under the Constitution a County Court would have had original or appellate jurisdiction to try it, except in probate matters and in cases involving the revenue laws of the State or the validity of a statute."

Article 1011 provides, "that the Supreme Court shall have appellate jurisdiction coextensive with the limits of the State, which shall extend to questions of law arising in all civil cases of which the Courts of Civil Appeals shall have appellate but not final jurisdiction."

The Constitution declares, that the jurisdiction of the Supreme Court. "shall extend to *questions of law* arising in cases of which the Courts of Civil Appeals have appellate jurisdiction, under such restrictions as the Legislature may prescribe."

The jurisdiction of this court is thus confined to questions of law, and the question on which there was dissent was one of fact.

Section 32 of the act to organize the Courts of Civil Appeals declares: "When any one of said Courts of Civil Appeals shall in any cause or proceeding render a decision in which any one of the judges therein sitting *shall dissent as to any conclusion of law* material to the decision of the case, said judge shall enter the grounds of his dissent of record, and the said Court of Civil Appeals shall, upon motion of the party to the cause, or on its own motion, certify the point or points of dissent to the Supreme Court."

It is clear, that under this statute applicant is not entitled to have the dissent certified; and it is unnecessary to consider whether this court would have jurisdiction on dissent on question of law in a case in which under section 5 of the act the jurisdiction of Courts of Civil Appeals is declared final on law and facts.

The application will be dismissed.

Delivered March 1, 1894.